**Cservak v. Pa. Department of Transportation**

C.P. of Washington County, No. 2013-1361

O'DELL-SENECA, *P.J.*, July 2, 2014—The matters on appeal are the result of a jury verdict rendered on April 2, 2014, in favor of plaintiffs Frank J. and Judith Barie Cservak (hereinafter "Cservaks") and against defendant Pennsylvania Turnpike Commission (hereinafter "the Commission") awarding $704,500 as Fair Market Value of the Cservak real estate, and $597,000 as a Replacement Housing Supplement (RHS). This court molded the verdict to the amount of $701,500.

In September 2009, defendant contacted the Cservaks to inform them that their home — 3852 Morganza Road, Cecil Township, Washington County, PA 15317 — would be taken pursuant to the Eminent Domain Code. The parties haggled over the value of the property until February 2012, when the commission filed a declaration of taking with this court. Plaintiffs requested a board of viewers, and the same filed an amended report on November 20, 2013, which found that the commission owed the Cservaks $579,500. The commission appealed, and a jury trial was held before this court.

## DEFENDANT'S MATTERS COMPLAINED OF ON APPEAL

Testimony of Brian Kelly

Defendant complains that the Cservak's witness Brian Kelly should not have been permitted to testify based on

his appraisal which treated the condemned property as two tracts of land. This court will not consider the merits of same, as the commission's objection was untimely and are therefore waived. Defense counsel listened to plaintiff's entire direct examination of Mr. Kelly without objection. Only after defendant conducted substantial cross examination and pursued the same line of questioning, did defendant object. (T.T. Vol. 2, 284:12-13). A party who "fail[s] to object in the first instance to such questioning and then pursue[s] the same line of questioning itself . . . cannot sit idly by during the introduction of evidence both by the adversary and itself and then when the responses are not to its liking attempt to erase from the record such evidence." *Evans v. Otis Elevator Co.*, 168 A.2d 573, 579-80 (Pa. 1961). Accordingly, the issue is waived.

Jury's Calculation for Replacement Housing Supplement (RHS) Damages

The commission next contends that the jury erred in its award of RHS damages, because the figure was premised upon the cost of building a replacement home "which is inapplicable under the code and the relocation act when a comparable replacement dwelling is available on the private market." Concise statement of errors complained of on appeal, ¶ 2. However, defendant's argument fails, as it is incorrect in its position that a replacement dwelling was *both* available on the market and comparable to the condemned property. Plaintiffs provided undisputed testimony that the commission's proposed replacement dwelling, 104 Marlboro Drive in Peters Township, had not been available on the market since 2010. (T.T. Vol. 1, 108:10-13). Therefore, the comparability of the two homes is immaterial, and the jury was free to consider the Cservaks' costs in building a replacement home.

This court notes that the condemned premises was so unique with regard to location, acreage, and distinctive amenities (*e.g.*, art studio, pond, pastoral setting, ready access to Interstate 79) that the proposed replacement dwelling was not comparable. The commission asserted it could provide the Cservaks with a comparable property. Its bold and erroneous assertion disregards the critical facts that the proffered real estate was in a crowded residential neighborhood, without the land space for all of the distinctive amenities to restart the Cservaks' lives, which were disrupted by this process. The commission claimed that it did not have to replace the Cservaks' home and boldly stated it did not do that contrary to the testimony of its own agent. Further, on rebuttal, the Cservaks produced Mr. Krzywiecki, who testified that the commission did exactly that (*i.e.*, built him a new brick ranch home), because the commission claimed it could not find a comparable home for Mr. Krzywiecki when, in fact, it had torn down 70 homes similar to his. Clearly, the jury found credibility on the side of plaintiffs.

Testimony of Kenneth Kulak

Defendant further complains that plaintiffs' witness Kenneth Kulak should not have been permitted to testify regarding the Cservaks' reproduction costs, as Mr. Kulak was not a qualified, valuation expert. The commission is incorrect, as Mr. Kulak did not opine as to the market value of the Cservaks' new home, but instead testified regarding the actual cost of building the home. He has specialized knowledge on the subject of home construction costs, and was therefore qualified to proffer such testimony pursuant to Pa.R.E. 702.

Defendant's "Offers of Compromise"

The commission argues plaintiffs "should have been

precluded from offering into evidence two offers of compromise" that it made, "as prior settlement offers are inadmissible as evidence pursuant to Pa.R.E. 408." Concise statement of errors complained of on appeal, ¶ 4. Defendant's argument fails. First, the jury could not have made a determination as to whether the commission delayed in paying just compensation without knowing of defendant's appraisals and offers. Second, defendant's offers were not "settlement offers" within the context or meaning of Pa.R.E. 408. They were, instead, *de facto* administrative decisions that the Cservaks were forced to either accept or appeal. The policy behind rules excluding settlement offers is the encouragement of settlement negotiations "after a controversy has actually arisen." *Hiram Ricker & Sons v. Students Int'l Meditation Soc'y*, 501 F.2d 550, 553 (1st Cir. 1974). Thus, Rule 408 is certainly not appropriate in this eminent domain matter where the commission's offer was in fact the reason for the controversy.

Attorneys' Fees

Defendant complains that "[t]he jury should not have been instructed regarding an award of attorneys' fees pursuant to § 716 of the Code, as that section is inapplicable to the facts of this case." Concise statement of errors complained of on appeal, ¶ 5. This is a non-issue, as no attorneys' fees were awarded over and above the $4,000 statutory limit, pursuant to 26 Pa.C.S.A. § 716. *See* court order of January 31, 2014.

Replacement Home

The commission last complains that it "should have been permitted to introduce testimony of new comparable replacement homes." Concise statement of errors complained of on appeal, ¶ 6. This issue was disposed of

via this court's order dated January 31, 2014, and, for the reasons stated therein, that decision will not be revisited herein.

Accordingly, the April 2, 2014, jury verdict should be affirmed.